

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-13-2005

# USA v. Garba

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4568

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Garba" (2005). *2005 Decisions.* Paper 1369.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1369

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4568

UNITED STATES OF AMERICA

v.

OSMAN GARBA,
a/k/a Alaji,
a/k/a Ishmael,
a/k/a Oussoumanou Garba,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 99-cr-00704-3)
District Judge: Honorable Mary Little Cooper

Submitted Under Third Circuit LAR 34.1(a)
April 4, 2005

Before: BARRY, AMBRO and COWEN, Circuit Judges

(Filed: April 13, 2005)

OPINION

AMBRO, Circuit Judge

Osman Garba appeals the District Court's (1) denial of his motion to withdraw his

guilty plea, (2) denial of his motion to dismiss his indictment under the Speedy Trial Act, and (3) the sentence it imposed. For the reasons that follow, we affirm the District Court's denials of Garba's motions challenging his conviction. However, in light of United States v. Booker, 543 U.S. ----, 125 S.Ct. 738 (2005), we vacate his sentence and remand for resentencing.

The District Court had jurisdiction under 18 U.S.C. § 3231. Our Court has jurisdiction pursuant to 28 U.S.C. § 1291. As we write solely for the parties, we do not restate the facts underlying the appeal.

I.

Garba argues that the District Court should have granted the motion to withdraw his guilty plea "because (1) his plea was given under the mistaken belief that he would be able to contest the amount of cocaine involved at a hearing before the sentencing; (2) his plea was the result of ineffective assistance of counsel in violation of the Sixth Amendment; and (3) the plea hearing conducted by the Court violated Rule 11 because Garba was not made aware that at trial the government would have to prove the quantity of cocaine involved to the jury beyond a reasonable doubt." United States v. Garba, 285 F. Supp. 2d 504, 509 (D.N.J. 2003). After conducting an evidentiary hearing, the District Court carefully considered each of these arguments at length, applying the framework we described in United States v. Jones, 336 F.3d 245 (3d Cir. 2003), and ultimately rejected them.

"[T]here is no absolute right to withdraw a guilty plea," but rather "acceptance of the motion is within the discretion of the trial court." Gov't of V.I. v. Berry, 631 F.2d 214, 219 (3d Cir.1980). We are satisfied that the District Court properly exercised this discretion in a manner consistent with our Circuit's precedent. Its denial of Garba's motion to withdraw his plea was thorough, careful and well-reasoned. We therefore accept its conclusion.

## II.

Having upheld the District Court's denial of Garba's motion to withdraw his guilty plea, we can easily dispense with his Speedy Trial Act argument. His unconditional guilty plea (without reservation of the right to challenge the denial of his motion under the Act) operated as a waiver of all claims of pre-existing error (except those going to the Court's jurisdiction). As such, Garba has waived the right to invoke on appeal the denial of his Speedy Trial Act motion.

## III.

Only Garba's challenge to his sentence under Booker remains. Having determined that the sentencing issues he raises are best determined by the District Court in the first instance, we vacate his sentence and remand for resentencing in accordance with Booker.